May it please the court, Assistant United States Attorney Jonathan Liu. My name is Harleen Kimura and I represent the appellant. First of all, I wish to apologize. I'm suffering from a bout of laryngitis, so if you cannot hear me, please let me know. The central issue in this case is whether the district court abused its discretion in permitting the untimely additional conspiracy instruction without a finding of excusable neglect on the part of the government. According to the Supreme Court case, Pioneer Services Company v. Brunswick, the trial court was to have asked the government, was the delay in good faith? How long was the delay? And did the delay prejudice Mr. Lasalle? Well, if the government had made a motion out of time, that would be surely the case. But doesn't Rule of 45B on its face allow for a district judge, sue a spotty, to allow whatever he wants to do, basically? Yes, Your Honor. It would permit the trial court to do so to extend the time. However, if you look at the transcript number three, where the judge ruled over my objections to permit the additional conspiracy instruction in, that was not the reason, that was not the stated reason of the trial court for admitting the additional conspiracy instruction. The trial court essentially said, well, I'm going to give you more time. If you want more time, I'm going to let it in. The test should actually be either on my own motion, the judge on my own motion, would extend the time, let it in, or because the judge did not do that here, it needed to establish excusable neglect in whether the government met the test. What was the prejudice? I mean, there's no issue that the instruction is correct. Yes. The judge offered to give any time to respond, consider it, or whatever, and that was turned down. So, what prejudice was there? Your Honor, the prejudice was, if you look at jury note number one, that the jury came back with, they had a question regarding the conspiracy instruction. Apparently, they considered a conflict between pages 17 and 18. Well, nobody knows what they thought. They had a question about it, and they obviously cleared up their question. Correct, Your Honor, and in the case that we cited of Martinez v. Garcia, a Ninth Circuit case, when it is possible for the jury, because we don't know, for the jury to either rely upon the original conspiracy instruction and resolve their own differences, or rely upon the untimely additional conspiracy instruction. If the jury could have done either one of those, we would argue, based upon the Martinez case, that constitutes reversible error, and therefore, it would affect the substantial rights. Just as a matter of curiosity, is it your position that the district judge could not spontaneously have given an instruction to the jury? Despite the fact that it is a case management matter, the district judge says, like, here's the orderly way we'll go about proposing instructions. Is it your position that the district judge lacks authority to give whatever instruction the district court wants to give, whenever it wants to give it? No, Your Honor, we are not arguing that. Okay, then what's the difference? The difference is here, it was a request by the government. The trial court only extended the time to ask for the jury instructions to include the drug quantity in order to comply with present case law, apprendee, and so forth. Now, it was not the judge who said, well, you know, you need to firm up your conspiracy instruction, so you government, you know, we need to have another instruction. It didn't happen that way. According to the record, it was the government on its own motion that brought forth the additional conspiracy instruction. The trial judge basically admitted it over our objections, because we were saying it's too late. And if, I would agree, Your Honor, that if at that point the judge said, I don't care, I am going to let it in on my own discretion, we have nothing to argue. If the judge also asked, was there excusable neglect on the part of the government, and the judge was satisfied, we have no problem. We would have no argument. But that is not what happened. So are you saying that the judge had to expressly state on the record that he was introducing these new instructions on his own motion or extending the time on his own motion, and the failure, is there a case saying that the failure to expressly make those findings precludes him from doing so, precludes us from looking at the first prong of 45 or 45? Your Honor, I did not find a case to that effect. But just in looking at the rule itself, it is in a disjunctive. And it is clear when looking at transcript 3, page 8, that the trial court specifically said, because you're not going to ask for more time to research the issue, I'm going to submit it over your objection. So that is clear in terms of what the trial court did. In regards to the second — I'm sorry, I didn't understand that. I mean, the district court didn't say the words, I'm doing this act on my own motion. Is it your position that the district court needed to do that in order to fall within that prong of Rule 45? Yes, Your Honor. Our position is that if the trial court specifically said to Mr. Lasalle, we are going to admit the additional conspiracy instruction over your objection because it is my discretion, it would have been in according to 45B. But the trial transcript specifically says, if you're not asking for a continuance, and that's what the trial court said, if you're not asking for a continuance, the remedy just raised, which is the continuance, if we're not going to agree to it, then our objections for an untimely additional conspiracy instruction would be overruled. And that is the basis the trial court admitted the instruction. And as I said before, according to the Martinez case, there are two possibilities as to what the jury could rely upon. It could rely upon the original conspiracy instruction or the untimely additional conspiracy instruction. In that event, there needs to be a new trial because we don't know what the jury relied upon. In regards to the second issue, there was a not guilty verdict on the attempted possession charge and a guilty verdict on the conspiracy charge. And what we're saying is, based upon those two verdicts, it shows that there was no requisite intent of Mr. Lasalle to engage in an additional conspiracy. Your Honor, may I reserve the remaining time for rebuttal? Certainly. Okay, Mr. Liu. May it please the court, Mr. Kimura. My name is Jonathan Liu. I'm the trial prosecutor in this case. I would like to address the issues raised in the appellant's brief. With respect to the jury instruction, Your Honors, there was no abusive discretion by the district court in admitting that instruction. That instruction was an accurate statement of the law. It was certainly supported by the record, by the evidence at trial. The instruction itself is supported by binding Ninth Circuit precedent. Certainly, the instruction 8.18, which was untimely submitted by the government, was found by the district court to be helpful to the jury and not confusing. And, in fact, it fleshes out the elements laid out in pattern instruction 8.16, which is the generic conspiracy instruction in the Ninth Circuit's model instructions. That being said, Your Honors, it's the government's position that the defendant cannot establish that this was an abusive discretion. The court clearly recognized that the instruction was late submitted, expressed some displeasure with it, but the instruction itself did not change the theory of prosecution. It did not change the theory of criminal liability. The case always remained a drug conspiracy under Section 846, and the theory of liability was co-conspirator liability. So that did not change. That being the case, it is almost impossible for the appellant to establish prejudice by virtue of the giving of that instruction. And, certainly, he concedes in his reply brief that it is, in fact, a correct statement of the law. With respect to Rule 45B, Your Honors, although the record could be clearer with respect to what the district court found or what the district court did, the record, I think, bears no other interpretation other than the court was acting sua sponte, on its own discretion, to allow the late filed instruction. The transcript or the record excerpts, when reviewed, do not contain an expressed statement by the district judge that she is acting sua sponte, but if you read that section of the transcript in whole, it's clear that that is what she is doing. And that there was no request by the district court for the government to meet the excusable neglect standard or to proffer a reason for the late filed instruction. The court acted on its own. Even assuming that the court acted on its own motion, and we're reviewing that for abuse of discretion, wouldn't the factors in determining whether the court had abused its discretion be along the same lines as the pioneer standards? Was it prejudicial to the defendant? Was it the correct statement of law? The other issues? Or how would we evaluate whether it was an abuse of discretion or not? Well, the abuse of discretion standard, Your Honor, obviously requires the court to make a searching inquiry into the district court's decision, but not to substitute its judgment for the district court. Your analysis should be whether there was a clear error of judgment by the district court based on the circumstances of the late filed instruction. And when would there be an abuse of discretion? Under what circumstances would a court deciding to extend the time be an abuse of discretion? Well, I think, Your Honor, for instance, if the government had submitted a late filed instruction which changed the theory of prosecution or changed the theory of liability, that would be an abuse of discretion. The defense could certainly at that point argue, Your Honor, I prepared my defense based upon what I believe to be the government's theory of prosecution and now at the 11th hour they've changed the theory of prosecution. The evidence is closed. I've rested. The government's rested. My hands are now tied. I have no other recourse. There's nothing that I can do. In that situation, clearly there would be an abuse of discretion. That's not what happened in this case. If you want to look at the seven factors under the excusable neglect standard, I think on balance those weigh in favor of the government. Clearly this is an important case that is a felony prosecution of a serious drug offense involving methamphetamine. Clearly the instruction was submitted untimely. There's no evidence that it was done maliciously or in bad faith. The instruction certainly added something to the case. It was helpful to the jury. It fleshed out the elements laid out in instruction 8.16. There was no prejudice to the defendant because it was an accurate statement of the law and did not change the theory of prosecution or theory of criminal liability. When you weigh all of those factors, I think the seven factors weigh in favor of the United States, should the court decide to analyze the case in that fashion. With respect to the sufficiency argument, I want to make two arguments to the court. First of all, with respect to the apparent inconsistency in the jury's verdict, I don't think that should concern the court. There is a legal theory under which those verdicts could be viewed as consistent. The United States cited a case to the court, I believe the defendant's name is Usam Thorn, which is exactly on point with this case, or could be theoretically, which is that if the jury found acts of mere preparation with the requisite intent, but did not find that the defendant committed an act which constituted a substantial step towards committing the attempt, it could still find him guilty of conspiracy, but not the attempt. That being said, your honors, even if the verdict is viewed by this court as inconsistent, it is well settled law that the jury is allowed to return inconsistent verdicts. The jury is even allowed to acquit and convict co-conspirators in the same conspiracy, and that is not grounds for overturning a verdict. With respect to the actual evidence itself, your honor, there was clear testimony from a cooperating defendant in this case regarding Mr. LaSalle's involvement in the conspiracy, his involvement as the hub of communications for getting the parcel of methamphetamine sent from California to Hawaii, and for contacting other co-conspirators in the District of Hawaii. In addition, the cooperating defendant, co-defendant, was corroborated in several respects by the testimony of law enforcement officers regarding the particular circumstances of how the parcel was received, where it was found, what was done with it after the co-conspirators detected the presence of law enforcement officers, the identity of law enforcement officers conducting surveillance at the location where the arrest took place, and even the date and time of the defendant's departure from the District of Hawaii back to California. All of that was corroborated by independent evidence. Clearly, there was sufficient evidence from which a reasonable jury, given all reasonable inferences, could have found the defendant guilty based upon the co-defendant's testimony and the corroborating evidence. The law is clear that unless the cooperating defendant's testimony is facially incredible, it is, standing alone, sufficient to support a jury's finding of guilty. In this case, we had more. On that basis, Your Honor, the United States requests that the conviction and sentence of the defendant be upheld. Thank you. Mr. Kimura? Your Honor, I wish to bring up one point. The rules of the court are for everyone to follow. The administration of justice requires they be followed. If we all follow the same rules, there wouldn't be any problem. In this case, there is clear error on the part of the trial because its own rules were not followed. Now, that is a crucial factor in determining whether there should be a new trial and the additional conspiracy instruction should be left off. In regards to the inconsistent verdicts, our position is that those verdicts are not inconsistent, but the not guilty verdict on the attempted possession charge indicates that Mr. Lassell never intended to participate in the conspiracy. If you also look at other facts in terms of he didn't engage in smoking marijuana, the cell phone, yes, they used his cell phone, but it was to call his brother. His brother, Falvassa, didn't have a cell phone. Also, he was ready to leave for the airport that day when the package arrived. He never touched the package. He wasn't really involved in the conspiracy. Yes, he may have done a few things to help, but that is not enough. Thank you, Your Honor.
judges: Goodwin, Rymer, Ikuta